**David E. HINES, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 49S00–8609–CR–862.**

Supreme Court of Indiana.

Oct. 29, 1987.

Aaron E. Haith, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

Appellant was convicted of Burglary, a Class B felony, and Theft, a Class D felony. He received a twelve (12) year sentence and a three (3) year sentence to run concurrently.

The facts are: On November 13, 1985, at approximately 6:50 a.m., Lois Fryman left

her apartment for work. Her boyfriend, Richard Fenwick, was still asleep in the bedroom. Fenwick left the apartment for work about 1:30 p.m. When he left, everything was in place and the apartment was tidy. The windows and doors were locked.

At approximately 4:00 p.m., Fryman returned to the apartment and noticed that the front door was open. She saw that the glass stereo cabinet was open and the stereo and speakers were gone. The apartment was in great disarray. A lot of Fenwick's clothing, some jewelry and Fenwick's son's radio were missing. Investigating police officers were able to obtain several latent fingerprints from the stereo cabinet and from a brass plate at the door frame. It was later established that these were appellant's fingerprints.

Detective Don Deputy went to appellant's sister's apartment where he found appellant. Deputy read the *Miranda* warnings to him and appellant indicated he understood his rights and agreed to talk to Deputy. Their conversation soon turned to a stereo which was in the apartment. Appellant said that he had bought it from a friend or from someone he could not identify. Deputy then asked for consent to search the apartment. He read a consent form to appellant who agreed to allow the search and signed the form. During the search, a jacket, some shirts, stereo speakers and jewelry were recovered. These items were later identified by Fryman and Fenwick as property which was stolen from them.

Appellant was again advised of his *Miranda* warnings and again indicated he understood his rights, and then signed the form. As Deputy continued questioning appellant, he began to change his story. He stated that he was a sound sleeper and left the door unlocked. He stated he thought that someone had been bringing the property in during the day while he was asleep.

■ Appellant claims the trial court erred in denying his motion to suppress statements made in response to interrogation by police officers. He contends that although the *Miranda* warnings were given, his acquiescence to the questioning and to the search was not voluntary. He claims he only submitted to questioning and the search because he thought he was about to be arrested. In addition, he maintains he drank half of a fifth of vodka shortly before the detectives arrived, and that he had smoked marijuana about three to four hours prior to their arrival. As a result, he claims he was intoxicated and that his decisions were influenced by intoxication. He further stated that the police officers told him that a deal could be made if he cooperated.

Detective Deputy testified that he gave appellant all of the *Miranda* warnings and that appellant indicated he understood the warnings. Detective Deputy directly contradicted appellant's claim of intoxication. He testified that he did not smell alcohol nor did appellant appear to be under the influence of any substance. He stated that appellant walked correctly and conversed normally and coherently. Thus, there was a direct conflict of evidence between the testimony of the police officer and appellant. Weighing of such evidence was the province of the trial court. *Ortiz v. State* (1976), 265 Ind. 549, 356 N.E.2d 1188. We find no error in the overruling of appellant's motion to suppress the statements made to police officers.

■ Appellant claims the trial court erred in denying his motion to suppress evidence seized as a result of an illegal search of his residence. As above pointed out, there is a direct conflict between the police officer's testimony and the testimony of appellant. There was adequate evidence upon which the trial court could determine that appellant was properly advised, that he freely consented to the search of the apartment, and that he was not under the influence of either drugs or alcohol at the time. This Court will not weigh such conflicting evidence. *Id.*

■ One exception to the necessity for a search warrant is that the party involved gives valid consent. *Harper v. State* (1985), Ind., 474 N.E.2d 508. When the consenting person is not in custody, it is

**298**

only necessary for the State to demonstrate that the consent was in fact voluntarily given and was not the result of duress or coercion. *Smith v. State* (1982), Ind., 432 N.E.2d 1363.

The trial court did not err in finding that a lawful search was conducted. Thus he did not err in denying appellant's motion to suppress the evidence seized.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.